UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ING BANK N.V.** | : | **DOCKET NO. 16-cv-1003** |
| **VERSUS** | | |
| | : | **JUDGE MINALDI** |
| **M/V CHARANA NAREE, IMO No. 9296303, her engines, tackle, equipment, furniture, appurtenances, etc., in rem** | | |
| | : | **MAGISTRATE JUDGE KAY** |

## MEMORAMDUM ORDER

Before the court is the Motion to Intervene filed by Macoil International S.A. ("Macoil"). Doc. 8. The motion is opposed by ING Bank N.V. ("ING Bank"). Docs. 13, 23. For the following reasons, the motion is **GRANTED**.

### I.
#### BACKGROUND

On July 8, 2016, ING Bank filed this Complaint *in rem* seeking, among other remedies, a monetary judgment for unpaid bunkers delivered to the M/V CHARANA NAREE on October 29, 2014. Doc. 1. It contends that as an assignee of the maritime liens of O.W. Bunker and Trading A/S it is entitled to collect the amounts due from the sale of bunkers to the M/V CHARANA NAREE under the terms and conditions of O.W. Bunker's "Group Terms and Conditions for sale for Marine Bunkers, Edition 2013." *Id.* at ¶ 10.

On July 11, 2016, Macoil filed its Motion to Intervene against the M/V CHARANA NAREE *in rem* and ING Bank *in personam.* Doc. 8. Macoil seeks to assert a lien against the vessel for supplying bunkers (the same bunkers for which ING Bank claims it is due) on October

29, 2014.  Macoil also seeks to assert a cross-claim against ING Bank for declaratory judgment (1) that Macoil — not ING Bank is to be paid for the bunkers; (2) that ING Bank is not an assignee of the maritime lien; and (3) that if ING Bank recovers any amount for the bunkers that it be paid to Macoil.

ING Bank objects to Macoil's intervention claiming that it has no right to assert a lien under the Commercial Instruments and Maritime Liens Act ("CIMLA") because Macoil is a subcontractor who did not provide necessities (bunkers) pursuant to an order of the owner or a person authorized by the owner, a requirement of the CIMLA.  ING Bank asserts that Macoil's only recourse is against the party with whom it contracted, O.W. Bunker Spain S.L. *See generally,* Docs. 13, 23.

In response, Macoil argues that it physically supplied the bunkers to the M/V CHARANA NAREE and issued an invoice for payment that included Macoil's sales terms and conditions.  According to its sales terms, Macoil has the right to pursue a maritime lien for payment of bunkers under its choice of law, Egyptian Maritime and Trade Law.  Macoil submits that the terms and conditions of O.W. Bunker's Group Terms and Conditions for sale for Marine Bunkers (Clause "L.4"), which ING Bank claims is controlling, actually incorporates Macoil's sales terms.  Thus, Macoil asserts that it has a right to intervene in order to assert its maritime lien to secure payment.

## II.
### ANALYSIS

An intervention based on a maritime lien against the *res* is an intervention of right governed by Rule 24(a) of the Federal Rules of Civil Procedure.  Pursuant to that Rule a party is entitled to intervene if: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential

intervener's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervener's interest. *Effjohn Inter. Cruise Holdings, Inc. v. A&L Sales, Inc.,* 346 F.3d 552, 560 (5th Cir. 2003). Courts should allow intervention "where no one would be hurt and the greater justice could be attained." *Id.*(citing *Sierra Club v.. Espy,* 18 F.3d 1202, 1205 (5th Cir.1994)).

Citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* ING Bank asserts that Macoil does not meet the second factor because it does not have a "direct, substantial, legally protectable interest in the proceeding." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452,463 (5th Cir. 1984). We disagree. We find that Macoil has stated a *prima facie* claim to a maritime lien. *See* Comments to Supplemental Rules for Admiralty and Maritime Calims Rule C ("The rule envisions that the order will issue upon a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district."). Documents attached to Macoil's pleadings support its position that its sales terms incorporate Egyptian law which in turn provides for a maritime lien. Doc. 17, atts. 1-3. We will allow the intervention. As the case progresses and the record is more fully developed the court can properly deicide the varying positions of the parties and the many issues before it.

### III.
#### CONCLUSION

For these reasons, it is ORDERED that the Motion to Intervene [#8] is GRANTED.

THUS DONE this 18 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE